# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| LOCKHEED MARTIN CORPORATION, | |
| Plaintiff, | |
| v. | Civil Action No. 8:12-cv-03725-AW |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion to Strike. The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **DENIES** Plaintiff's Motion to Strike.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a Maryland corporation headquartered in Bethesda. Plaintiff alleges that it is a global security and aerospace company that primarily researches, designs, manufactures, integrates, and sustains advanced technology systems and products. Plaintiff further alleges that it makes substantial sales to the United States Government.

Plaintiff has brought this action for a refund of federal income taxes allegedly overpaid in the years 2004 – 2008. Plaintiff basically alleges that the IRS improperly applied various tax credits, deductions, and exclusions. The minimum amount Plaintiff seeks to recover is $16,157,226.

Plaintiff filed a Complaint in December 2012 and an Amended Complaint in May 2013. Doc. Nos. 1, 16. Defendant has answered. Doc. No. 17. In its Answer, under the heading "Second Defense," Defendant states:

> Should the Court determine that Plaintiff raised a meritorious argument that would otherwise establish that Plaintiff overpaid its taxes, the United States is entitled to reduce that overpayment based on any additional tax liabilities that the Plaintiff may owe, whether or not previously assessed or alleged. The United States is entitled to such reduction because the redetermination of the Plaintiff's entire federal income tax liability for the litigated tax years is at issue in this refund suit.

Doc. No. 17 at 1 (citations omitted).

On June 10, 2013, Plaintiff filed a Motion to Strike Defendant's Second Affirmative Defense ("Motion to Strike"). Doc. No. 19. Plaintiff generally argues that the pleading standards enunciated in *Twombly* and *Iqbal* apply to affirmative defenses and that the United States' Second Defense is a facially implausible legal conclusion. The United States filed a Response on June 24, 2013. Doc. No. 25. The United States generally argues that its Second Defense is not a true affirmative defense and that *Twombly* and *Iqbal* do not apply to affirmative defenses.

II. **STANDARD OF REVIEW**

"Federal Rule of Civil Procedure 12(f) permits a district court, on motion of a party, to "'order stricken from any pleading any insufficient defense.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting Fed. R. Civ. P. 12(f)). "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Id.* (citation and internal

quotation marks omitted). The decision whether to strike an affirmative defense is discretionary and courts generally refrain from striking affirmative defenses absent a showing that not doing so would unfairly prejudice the movant. *See Certain Underwriters at Lloyd's, London v. R.J. Wilson & Assocs., Ltd.*, Civil No. CCB–11–1809, 2012 WL 2945489, at *5 (D. Md. July 17, 2012) (citations omitted).

### III.  LEGAL ANALYSIS

### A.  Whether *Twombly* and *Iqbal* Apply to Affirmative Defenses

Plaintiff's argument that the Court should strike Defendant's Second Defense as insufficient proceeds from the premise that the pleading standards announced in *Twombly* and *Iqbal* generally apply to affirmative defenses. Although Defendant argues that the Court need not resolve this question to rule on the instant Motion to Strike, it is advisable to address it in added detail.

At least five judges in the District of Maryland have embraced the view that *Twombly* and *Iqbal* apply to affirmative defenses. *See Swarey v. Desert Capital REIT, Inc.*, Civil Action No. DKC 11–3615, 2012 WL 4208057, at *5 (D. Md. Sep. 20, 2012) (Chasanow, J.); *Blind Indus. and Servs. of Md. v. Route 40 Paintball Park*, No. WMN–11–3562, 2012 WL 2946688, at *3 (D. Md. July 17, 2012) (Gallagher, J.); *Ulyssix Techs., Inc. v. Orbital Network Eng'g, Inc.*, Civil Action No. ELH–10–02091, 2011 WL 631145, at *14 (D. Md. Feb. 11, 2011) (Hollander, J.); *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 536–37 (D. Md. 2010) (Bennett, J.); *Topline Solutions, Inc. v. Sandler Sys., Inc.*, Civ. No. L–09–3102, 2010 WL 2998836, at *1 (D. Md. July 27, 2010) (Legg, J.). By contrast, although the Court did not locate a District of Maryland opinion holding that the plausibility pleading standard is inapplicable to affirmative defenses, at least four judges in the District of Maryland have stated that it is uncertain whether

3

the plausibility standard applies to affirmative defenses. *See GN Hearing Care Corp. v. Advanced Hearing Ctrs., Inc.*, Civil No. WDQ–12–3181, 2013 WL 4401230, at *1 (D. Md. Aug. 14, 2013) (Quarles, J.); *Sprint Nextel Corp. v. Simple Cell, Inc.*, Civil No. CCB–13–617, 2013 WL 3776933, at *9 (D. Md. July 17, 2013) (Blake, J.); *Util. Line Servs., Inc. v. Wash. Gas Light Co.*, No. PWG–12–3438, 2013 WL 3465211, at *6–7 (D. Md. July 9, 2013) (Grimm, J.); *Piontek v. Serv. Ctrs. Corp.*, Civil No. PJM 10–1202, 2010 WL 4449419, at *3 (D. Md. Nov. 5, 2010) (Messitte, J.).

Likewise, district judges both within the Fourth Circuit and nationally have split on the question whether the plausibility standard applies to affirmative defenses, with a majority adopting the view that it does. *See, e.g.*, *Tiscareno v. Frasier*, No. 2:07–CV–336, 2012 WL 1377886, at *14 n.4 (D. Utah Apr. 19, 2012); *Aguilar v. City Lights of China Rest., Inc.*, Civil Action No. DKC 11–2416, 2011 WL 5118325, at *2–3 (D. Md. Oct. 24, 2011) (citing cases); *Lane v. Page*, 272 F.R.D. 581, 589 & ns. 5–6 (D.N.M. 2011) (citing cases); *Piontek*, 2010 WL 4449419, at *3 (citing cases); *see also* Amy St. Eve & Michael A. Zuckerman, *The Forgotten Pleading*, 7 Fed. Cts. L. Rev. 152, 166 (2013); Leslie Paul Machado & E. Matthew Haynes, *Do* Twombly *and* Iqbal *Apply To Affirmative Defenses?*, 59 Fed. Law. 56, 57 (July 2012). All judges and commentators agree that no federal appellate court has addressed the issue.

The opinions holding that the plausibility standard applies to affirmative defenses have relied primarily on two justifications. "First, they reason that it makes neither sense nor is it fair to require a plaintiff to provide the defendant with enough notice that there is a plausible, factual basis for [a] claim under one pleading standard and then permit a defendant under another pleading standard simply to suggest that some defense may possibly apply in the case." *Aguilar*, 2011 WL 5118325, at *2 (alteration in original) (citation and internal quotation marks omitted).

"Second, they cite the importance of litigation efficiency, explaining that boilerplate defenses serve only to clutter the docket and . . . create unnecessary work by requiring opposing counsel to conduct unnecessary discovery." *Id.* (ellipsis in original) (citation and internal quotation marks omitted). By contrast, "the small minority of courts within [the Fourth Circuit] rejecting the application of the *Twombly–Iqbal* pleading standard to affirmative defenses have relied on either the absence of an appellate court opinion on the issue or have concluded that *Twombly* and *Iqbal* confined themselves to the sufficiency of claims for relief under Rule 8(a)." *Id.* at 3 (citations omitted). Furthermore, in concluding that the plausibility standard does not apply to affirmative defenses, courts both inside and outside the Fourth Circuit have reasoned that "defendants ordinarily have a much shorter time to determine and plead affirmative defenses in their answer than plaintiffs have to develop the facts that should be pled to support their complaint." *Simple Cell*, 2013 WL 3776933, at *9 n.6; *accord Tiscareno*, 2012 WL 1377886, at *15.

The Court finds the minority view more persuasive. The Supreme Court's analysis in *Twombly* and *Iqbal* centered on Rule 8(a)(2)'s requirement that the plaintiff make a "showing" that he or she is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 667–69 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 & n.3 (2007). By contrast, Rule 8(b) only requires parties responding to a pleading to "state in short and plain terms its defenses to each claim" and "admit or deny the allegations asserted against it." Fed. R. Civ. P. 8(b)(1). Likewise, it is hard to square the idea that Rule 8 imposes a plausibility standard on affirmative defenses with the language of Rule 8(b)(3), which allows parties in good faith to "deny all the allegations of a pleading . . . by a general denial." Fed. R. Civ. P. 8(b)(3). Although Rule 8(b)(3) does not speak to affirmative defenses directly, it appears in the section of the Rule applicable to defenses, admissions, and denials. *See* Fed. R. Civ. P. 8(b). It would be anomalous if Rule 8(b) allowed parties to generally

5

deny the allegations in the complaint yet required them to plead facially plausible affirmative defenses. At any rate, the Court deems it unlikely that the Supreme Court "would have ushered in such a radical change in legal landscape *sub silentio*." *See Rosa v. Bd. of Educ. of Charles County, Md.*, Civil Action No. 8:11–cv–02873–AW, 2012 WL 3715331, at *10 (D. Md. Aug. 27, 2012); *see also Davis v. Ind. State Police*, 541 F.3d 760, 764 (7th Cir. 2008) (noting that *Twombly* does not discuss affirmative defenses).

Generally speaking, the policy considerations that underpin the majority view do not fully persuade the Court. Although the majority believes that not applying the plausibility standard to affirmative defenses creates a double standard, it discounts the fact that defendants usually have considerably less time to develop affirmative defenses than plaintiffs do claims for relief. For instance, in this case, Plaintiff requests a refund for taxes paid in 2004 – 2008. Yet Plaintiff did not file suit until 2013. Once Plaintiff filed suit, Defendant technically had sixty days to respond to the Complaint. *See* Fed. R. Civ. P. 12(a)(2) ("The United States . . . must serve an answer . . . within 60 days after service . . . ."). Although the Court granted an unopposed motion for extension of time, one cannot presuppose that this avenue will be open in every case. Besides, the Court granted Plaintiff's consent motion to amend its Complaint, and the United States responded to the Amended Complaint two days after its filing. Additionally, while the Court recognizes the majority's concerns about judicial efficiency, one must question whether the majority has overstated them. The discovery rules are written broadly. *See, e.g.*, Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."); Fed. R. Civ. P. 33(a)(1) (allowing parties to serve up to 25 written interrogatories relating to any matter relevant to any party's claim or defense). Thus, the extent to which the pleading of boilerplate affirmative defenses portends to subject

6

parties to added discovery is presumptively unclear. Moreover, parties can always seek a protective order in response to onerous discovery requests. Fed. R. Civ. P. 26(c)(1). And, while the presence of boilerplate affirmative defenses could make more material relevant to a party's claim or defense, courts presumably could consider a defense's conclusory nature when ruling on the discovery request.

The majority view also disregards the fact that, by filing the complaint, the plaintiff "invokes the jurisdiction of the federal courts in the first instance." *Tiscareno*, 2012 WL 1377886, at *15 (citation and internal quotation marks omitted). "The primary function of imposing a pleading standard on a plaintiff in the first instance is to ensure that 'largely groundless claims' are not made to 'take up the time of a number of other people.'" *Id.* (quoting *Twombly*, 550 U.S. at 558). On the other hand, affirmative defenses do not invoke the jurisdiction of the court and, at least technically, do not expose plaintiffs to liability. *See id.*; *see also United States v. Stevens*, 771 F. Supp. 2d 556, 565 (D. Md. 2011) (alteration in original) (quoting Black's Law Dictionary 482 (9th ed. 2009)) ("An affirmative defense is '[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim . . . . .'"). Therefore, judicial economy and equity depend on screening complaints more than they do on screening affirmative defenses. *Cf. Tiscareno*, 2012 WL 1377886, at *15.

For these reasons, as a general matter, the Court declines to hold that *Twombly* and *Iqbal* apply to affirmative defenses. Although the Court is mindful of the cost and efficiency concerns that blithe or shotgun assertions of affirmative defenses may raise, the standards applicable to motions to strike, as well as notice pleading principles, should usually suffice to weed out frivolous, vexatious, and/or unfairly prejudicial affirmative defenses.

7

B.       **Whether to Strike Defendant's Second Defense**

Having concluded that, at least here, the plausibility standard does not apply to affirmative defenses, the resolution of Plaintiff's Motion to Strike is straightforward. Plaintiff has brought an action for a refund under 26 U.S.C. § 7422. The Supreme Court established in 1932 that the United States has implied authority to "reaudit a return whenever repayment is claimed." *Lewis v. Reynolds*, 284 U.S. 281, 283 (1932). In 2011, the Fourth Circuit reaffirmed the viability of *Lewis*, holding that "the IRS may recompute tax liabilities in response to a refund claim." *R.H. Donnelley Corp. v. United States*, 641 F.3d 70, 72 (4th Cir. 2011) (citing *Lewis*, 284 U.S. 281). Indeed, it would appear that the United States has a statutory right to offset. *See* 26 U.S.C. § 6402(a) ("In the case of any overpayment, the Secretary . . . may credit the amount of such overpayment . . . against any liability in respect of an internal revenue tax on the part of the person who made the overpayment . . . ."). In keeping with this authority, the United States has asserted that it is entitled to offset any overpayment by any additional tax liabilities Plaintiff may owe, regardless of whether the United States previously assessed or alleged such liabilities. The Court finds no flaw in this approach.

Plaintiff counters that this construction of *Lewis* confers the United States carte blanche to reaudit its tax liability for the years in question. The salient flaw in this argument is that *Lewis* and its progeny appear to authorize the "reaudit [of] a return." *See Lewis*, 284 U.S. at 283. Furthermore, although Plaintiff accuses the United States of using *Lewis* as a launch pad for a fishing expedition, the record does not reflect that the United States raised this defense in bad faith. Speculation of this sort does not suffice to grant a motion to strike. Indeed, a cynic could just as easily contend that Plaintiff's opposition is a "dilatory tactic" to prevent the United States from discovering whether Plaintiff underpaid its taxes for the years in question. *Cf. Waste Mgmt.*,

8

252 F.3d at 347. Furthermore, although Plaintiff contends that not striking the Second Defense would prejudice it, "Plaintiff has identified no prejudice that would result from the Court's consideration of [Defendant's affirmative defense], except perhaps the prejudice that litigants faced with meritorious [affirmative defenses] invariably incur." *Montage Furniture Servs., LLC v. Regency Furniture, Inc.*, --- F. Supp. 2d ----, Civil Action No. 8:12–cv–03365–AW, 2013 WL 4758056, at *5 n.3 (D. Md. Sep. 4, 2013) (citing *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 612 (4th Cir. 1999)). Accordingly, the Court denies Plaintiff's Motion to Strike.

## IV. CONCLUSION

For the preceding reasons, the Court **DENIES** Plaintiff's Motion to Strike. A separate Order follows.

| September 26, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |